UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THOMAS RAY MAXWELL     Plaintiff

v.     Civil Action No. 3:18-CV-P419-RGJ

HARDIN COUNTY JAIL *et al.*     Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### **I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at the Hardin County Detention Center (HCDC), which he sometimes references as the Hardin County Jail (HCJ). He names the HCJ as a Defendant in this action, as well as HCJ Jailer Danny Allen and HCJ Captain R.S. Reynolds, in their official capacities only.

In his complaint, Plaintiff writes as follows:

I'm a level 3 inmate being house at HCDC. I been told that it up to DOC to put me at a Class D level 3 jail where I can work and take class. DOC states it up to the Jailer to send me to a level 3 class D jail . . . At HCDC I can only take my NCRC which I have finish. I can't take recommend programs . . . I also can't work at HCDC where I'm not getting 4 days month work credit . . . I am a level 3 inmate do to a DVO. Classification score is 0. Org custody level is a 2. Final custody level 3 due to DVO. The person who put the DVO on me has past away . . . My class D charge is AA-001 fleeing or evading police 1st degree on foot. I have fill out several grievance form about these issues and wrote DOC . . . DOC has told me it all should be handled by HCDC.

Plaintiff attaches several documents to the complaint which appear to show that he has in fact been assigned the custody level and classification which he asserts and that he has filed grievances related to the issues set forth in the complaint.

As relief, Plaintiff seeks to "get work credit from October 2017 and transferred to a Class D Level 3 Jail."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff complains about being incarcerated at HCDC, not having a job, and not being able to participate in certain programs. The Supreme Court repeatedly has held that a

prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ."); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same). Nor is the failure of custodians to obtain a job for a prisoner or retain him in a prison job actionable. *Carter v. Tucker*, 69 F. App'x at 680 (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job."). Likewise, a prisoner has no federally-cognizable liberty or property interest in vocational training or rehabilitation. *Moody v. Daggett*, 429 U.S. at 88 n.9; *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (no protected liberty or property interest in attending a cooking class); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs).

For these reasons, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Hardin County Attorney
A961.011